UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

IN THE MATTER OF:

SCOTT A. FISHER                                                    CASE NUMBER: 11-31917
KA-RYN M. FISHER                                                 CHAPTER 13
Debtors
_____

TRUSTEE'S OBJECTION TO CONFIRMATION OF PLAN
_____

COMES NOW, the Trustee, Debra L. Miller, by counsel, and for her Objection to Debtors' Plan states:

1. Debtors are making their payment via wage order and are current.

2. Debtors are below median income debtors and their disposable income is determined by 11 U.S.C. §1325(b)(1)(B) using Schedule I and J.

3. At the 341 hearing, Debtors testified that their tax refund of $3,949.00 was spent prior to filing their petition. Trustee requests an affidavit indicating how these funds were spent. This information is necessary to determine if there were any fraudulent transfers or preference payments made that the Trustee could avoid for the benefit of unsecured creditors.

4. At the 341 hearing, Mrs. Fisher testified that she recently started her own business before filing for bankruptcy protection. Trustee requests copies of Mrs. Fisher's May and June 2011 monthly reports so she can verify the Debtors' current projected disposable income.

5. Trustee objects to confirmation as Debtors' plan fails to meet the best interests of creditors test. Debtors' plan provides to pay a motorcycle in full in the amount of

        $1,240.00 at an interest rate of 5%.  This vehicle is neither reasonable nor necessary to Debtors' successful reorganization and Debtors do not offer a like amount to unsecured creditors.

6.      Trustee objects to confirmation as Debtors' plan is underfunded.

7.      At the 341 hearing, Mr. Fisher testified that he receives substantial overtime each month but that the amount of overtime varies.  Trustee requests that any confirmation order include a reporting requirement should Mr. Fisher's monthly net income increase above the amount currently listed on Schedule I and that Debtors be required to turnover this additional income for the benefit of their creditors.

WHEREFORE, as the plan has yet to comply with 11 U.S.C. §1325(a) and (b) for the reasons stated above, the Trustee objects to the confirmation of the plan.

Dated: July 21, 2011                                                    Respectfully Submitted,

                                                          /s/ Sarah E. Willms
                                                          Staff Attorney for
                                                          Debra L. Miller, Chapter 13 Trustee
                                                          P.O. Box 11550
                                                          South Bend, IN 46634-0155
                                                          (574) 251-1493

CERTIFICATE OF SERVICE

I hereby certify that a copy of this Objection was served as follows on July 21, 2011

By U.S. Mail postage prepaid:
Debtors: Scott and Ka-ryn Fisher, 523 E. 17th Street, Mishawaka, IN 46544

By electronic mail via CM/ECF:
Debtors' Attorney: Jill M. Heiliger
U.S. Trustee at ustregion10.so.efc@usdoj.gov

                                                                      /s/ Sarah E. Willms